# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:04CV76-H

| | |
|---|---|
| QUEST MOTOR RACING, INC., ) <br> and DERRIKE COPE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PARAMOUNT HOSPITALITY ) <br> MANAGEMENT, L.L.C., ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

**THIS MATTER** is before the Court following the parties' responses to the Court's "Order to Show Cause" (document #10) entered December 21, 2006.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On January 23, 2004, the Plaintiffs, each a citizen of North Carolina, filed a Complaint in the Superior Court of Mecklenburg County, alleging that the Defendant, a California Limited Liability Company, had violated the terms of a Sponsorship Agreement ("the Agreement") that the parties had executed sometime in July 2003. Specifically, the Plaintiffs pled claims for breach of contract, fraud in the inducement, unjust enrichment, and unfair and deceptive trade practices, seeking damages in excess of $1 million. The central allegation of each claim is that the Defendant has not paid the Plaintiffs sums due under the terms of the Agreement.

On February 25, 2004, the Defendant removed the state court action to federal court, alleging diversity subject matter jurisdiction. Removal has not been challenged and appears proper.

On March 23, 2004, the Defendant filed its Motion to Compel Arbitration, to which the

Plaintiffs did not respond. It is undisputed that the Agreement contained a very broad arbitration clause providing that "[s]hould any dispute regarding the terms of this Agreement, <u>or any related matter</u>, arise between the parties, said dispute shall be resolved by binding arbitration...." Defendant's "Memorandum in Support" at 2 (document #7) (emphasis added).

On April 20, 2004, the Court <u>granted</u> the Defendant's Motion, <u>stayed</u> this proceeding, and <u>ordered</u> the parties "to arbitrate their disputes as provided by their Agreement and to report the result of the arbitration to the Court within 30 days of issuance of an arbitrator's award or other resolution of this matter." <u>See</u> "Order" filed April 20, 2004 at 3 (document #9).

In other words, the Court compelled the parties to resolve their dispute in arbitration and retained jurisdiction only for the limited purpose of confirming or vacating any subsequent arbitration award. <u>See</u> 9 U.S.C. § 1-4 (Federal Arbitration Act grants district courts the authority to stay or dismiss claims that are subject to valid arbitration agreements); <u>Brantley v. Republic Mortg. Ins. Co.</u>, 424 F.3d 392, 395 (4th Cir. 2005) (recognizing that where parties are compelled to arbitrate, court has discretion to stay lawsuit pending issuance of award or to dismiss without prejudice to parties' right to file separate action to confirm/vacate award); <u>In Re White Mountain Mining Co., LLC</u>, 403 F.3d 164, 167 (4th Cir. 2005) (same); <u>Woolridge v. Securitas Security Services USA, Inc.</u>, ___ F. Supp. 2d ___, ___ (E.D.Va. November 21, 2006) (compelling arbitration and dismissing lawsuit without prejudice); <u>and McCollum v. Tenet Healthcare Corp.</u>, ___ F. Supp. 2d ___, ___ (D. S.C. November 20, 2006) (same).

On December 21, 2006, and having heard nothing from the parties concerning whether the arbitration had been commenced, was ongoing, or had been completed, and after three telephonic messages left with Plaintiffs' counsel were not returned, the undersigned issued an "Order to Show

Cause" (document #10) <u>ordering</u> that **"**[o]n or before January 31, 2007, the Plaintiffs shall **SHOW CAUSE** why the Complaint should not be **DISMISSED** ... for failure to prosecute this action, as well as for failure to arbitrate their claims as <u>ordered</u>. <u>The Plaintiffs are warned that failure to make a timely response to this Order to Show Cause will result in **DISMISSAL** of this lawsuit</u>." (Emphasis in original).

On January 30, 2007, the Plaintiffs filed their "Response to Show Cause Order" (document #11), in which they concede that they have made very little effort to pursue their claims in arbitration, and have made <u>no</u> effort in nearly two-and-one-half years.

Specifically, on March 23, 2004, the Defendant filed a Demand for Arbitration with JAMS, Inc., the California entity through which the parties' contractually had agreed to arbitrate their dispute. On June 8, 2004, JAMS sent a letter to the parties' counsel, informing them of the arbitration procedure, including the selection of an arbitrator and the schedule for payment of the parties' respective shares of the arbitration fees. The Plaintiffs admit that they never paid any arbitration fees.

On June 18, 2004, Charles A. Legge, who apparently is a retired California state judge, was appointed as arbitrator.

On August 11, 2004, the Plaintiffs noticed the deposition of David Lane, who they contend was the Defendant's "principal." The deposition was scheduled to be taken on August 30, 2004. The Plaintiffs allege and the Defendant does not presently dispute that Mr. Lane failed to appear for the deposition. In their Response, the Plaintiffs further state that when they attempted to address Mr. Lane's failure to appear with Judge Legge during a September 15, 2004 telephone conversation, he informed them that no action would be taken concerning the deposition until the Plaintiffs had paid

3

their arbitration fees.

It is undisputed that rather than pay those fees and proceed with the arbitration, as they had been <u>ordered</u> to do by this Court, the Plaintiffs chose to do nothing. Although the Plaintiffs speculate that Judge Legge may have entered an order terminating the arbitration proceeding in their favor, they have been unable to locate a copy of any such order. Nor have defense counsel located such an order, which no one can recall in any event having been entered. Moreover, even had an order or award been issued sometime in Fall 2004, the parties were ordered to notify the Court within 30 days of that event, a time period that elapsed more than two years ago.

In the Defendant's "Reply ..." filed March 12, 2007, the Defendant's local counsel, William L. Rikard, Jr., states that neither he nor the Defendant's California counsel have been able to contact or locate Mr. Lane or any other principal or officer of the Defendant "for several years." Other than relaying this information to the Court, Mr. Rikard only restates the Defendant's initial position, that is, that the parties agreed to arbitrate this dispute and that any further action should be taken in the arbitration proceeding.

Accordingly, and recognizing that the record is incomplete concerning the outcome, if any, of the arbitration proceeding, the Court in its discretion will <u>dismiss</u> this action <u>without prejudice</u> to the parties' right to petition for confirmation or vacation of any order or award that has been or may be entered in any future arbitration proceeding.

Provided, however, that nothing in this Order or the Court's other Orders should be construed to revive the Plaintiffs' right to pursue their claims, should the arbitrator conclude that the more than two year delay or any other factor warrants dismissal of the arbitration, nor should this Order be construed to revive or extend the time for any of the parties to file an action to confirm or vacate any

4

arbitration award or order that has been or may be issued.  See 9 U.S.C. § 9 (statute of limitations for filing action to confirm/vacate an arbitration award is one year from date of issuance of award).

**NOW, THEREFORE, IT IS ORDERED:**

1.  The Complaint is **DISMISSED WITHOUT PREJUDICE** to any party's right to file a timely Motion to Compel or to Vacate any arbitration award that may hereafter be issued in the arbitration proceeding.

2.  The Clerk is directed to send copies of this Order of Dismissal to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: March 19, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge